EDWARD V. CICOTTE, RECEIVER v. JASON STEBBINS, FRAN-
CES C. STEBBINS, SOPHRONIA PARSONS, JOHN WARD
AND ROLLIN AMSDEN.

*Trustee for the benefit of creditors—Preferred debts—Husband and wife—
Interest—Sale of mortgage.*

A wife who had property independently of her husband, and whose
husband was in debt to her, took, in her own name, a bond and
mortgage for which her own and a portion of her husband's prop-
erty, including their homestead, were exchanged. They then took
up a residence upon some city property belonging to the husband.
A creditor who had a judgment against the husband afterwards
filed a creditor's bill against him, and the receiver appointed in that
proceeding brought suit to have the judgment and costs satisfied out
of the bond and mortgage, and impleaded the husband and wife,
the person to whom their property had been conveyed, a subsequent
assignee of the bond and mortgage, who took them as security for a
loan to the husband and wife, and the agent of this assignee who
was also attorney for the husband and wife. *Held* (1) that the wife
in taking the entire securities in her own name made herself trustee,
for the benefit of her husband and his creditors, of all the fund
except so much as represented her own land; (2) that she could not
charge the fund for dower and homestead interests, for her answer
neither claimed dower nor showed that she was to have an increased
interest in consideration of relinquishing it, nor was there any proof
of any agreement that she should be paid for joining in the deed of
the homestead; (3) that the wife's claims, being for the purchase
price of her separate property, and for a preferred debt, took prece-
dence over the receiver's claim upon the fund, but should be post-
poned to the claim of the person to whom she and her husband had
assigned the mortgage as security for a loan.

Interest was not allowed a claimant against a fund where the fund
really consisted of property of which the claimant was in possession
and enjoyment, and where, as against other claimants, the allow-
ance would be inequitable as lessening their chance of payment.

Claims against a fund represented by a bond and mortgage are likely
to be better protected by foreclosing against the mortgaged property
than by merely selling the mortgage.

Appeal from the Superior Court of Detroit. Submitted
October 3 and 4. Decided January 17.

BILL to compel assignment of bond and mortgage. Defendants appeal. Reversed.

*H. C. Wisner* for complainant.

*Ward & Palmer* and *H. Post* for defendants appellant.

GRAVES, C. J.    April 15, 1878, Asa H. Field, as administrator of the estate of Lorenzo E. Hurd, sued the defendant Jason Stebbins at law to recover a debt which the latter was owing to said estate, and in November following obtained judgment.    In June, 1879, a new trial was ordered in this Court.    41 Mich. 373.    November 8, 1879, the new trial was had and it resulted in a second recovery, the jury finding in favor of the plaintiff for $1114.57 besides costs, and at the June term next following this Court affirmed the judgment.    43 Mich. 333.    An execution was issued and returned unsatisfied and on the eleventh of February, 1880, the plaintiff Field filed the usual creditor's bill and such proceedings were thereupon had that complainant was appointed receiver, and pursuant to the order of the court the defendant Jason on the fourteenth of May following assigned all his property to him, and three days later this suit was instituted.    By this allusion to the prior proceedings the complainant's title to sue and the general nature of the case are indicated.    But an understanding of the equities requires a reference to the main facts on which they are supposed to turn.

During the pendency of the action at law by Field against Stebbins, and on and prior to September 5, 1879, the latter owned a farm of one hundred acres in Greenfield and about six miles from Detroit, on which he lived with his family. He also owned a house and lot of the value of near if not quite $1500, situated on Walnut street in the city of Detroit.    His wife, the defendant Frances likewise owned a strip of land containing twenty-nine acres and adjoining the farm of her husband on the east.    At the same time Mrs. Stebbins held her husband's note for $3375 with interest at ten per cent. given March 1, 1875, for property which

had come to her from the estate of her father and which she had advanced to her husband. August 5, 1879, Greenleaf W. Crossman and his wife Elvira, executed their bond to William H. Osborn for $17,300, payable in three equal annual installments with annual interest at eight per cent. on the whole sum unpaid, and also executed their mortgage as accompanying security on the Anderson House hotel property in Eaton Rapids. August 8, 1879, the mortgagors empowered Osborn the mortgagee " to sell or lease the real and personal property deeded and sold to Elvira Crossman on the eighteenth day of October, 1877," and the record tells us that this is the same real estate described in the mortgage.

September 3, 1879, or under that date, Osborn, acting as attorney in fact for Crossman and wife, quitclaimed the hotel property to the defendant Mrs. Parsons. September 4, 1879, or under that date, Mrs. Parsons empowered Osborn ." to sell or lease or mortgage or contract the real and personal estate," and being the same contained in the mortgage. September 5, 1879, and being the same day on which the quitclaim deed to Mrs. Parsons was recorded, she received from the defendants Stebbins and wife their joint conveyance of their several properties in Greenfield, amounting in all to one hundred and twenty-nine acres, for the expressed consideration of $17,300, and on the same day Osborn assigned to Mrs. Stebbins the Crossman bond and mortgage for $17,300 in full payment of said consideration. Hence the separate interests of Mr. and Mrs. Stebbins in the farm were brought together in the bond and mortgage, and the entire purchase price of his one hundred acres, as well as that of her twenty-nine acres, passed directly into her hands.

November 9, 1879, Mrs. Stebbins hired of defendant Amsden $1000 at eight per cent., payable on or before November 15, 1880, and assigned to him the said bond and mortgage as security and authorized him to proceed on the credit of said security to pay taxes and insurance, and on February 24, 1880, he paid $151 for insurance, and on the

4th of December following $678.41 for the discharge of taxes. As a consequence Amsden's lien was correspondingly enlarged.

In this transaction between Mrs. Stebbins and Amsden, the latter, being a resident of Vermont, was represented by defendant Ward as his agent, who from the beginning of the litigation has been the chief professional assistant of Mr. and Mrs. Stebbins, and since the filing of the bill has taken from defendant Parsons a quitclaim of the mortgaged premises. Immediately after the transfer of their Greenfield place of residence Stebbins and wife took up their abode at the place on Walnut street. They instantly transferred their home from one spot to the other and exhausted their legal right of homestead. There remained no residuum to form the subject of any contract. After some months of residence however on the Walnut-street property they removed therefrom to the mortgaged premises in Eaton Rapids and by Ward's permission entered and occupied them and have since remained in full and quiet enjoyment, and they have also disposed of the Detroit property.

The object of the bill is to collect the judgment at law and the costs of the litigation out of the bond and mortgage, and both sides make certain concessions.

It is admitted—1st, that Mrs. Stebbins' interest in the bond and mortgage on account of her ownership of the twenty-nine acres was at the date of the trade, September 5, 1879, $2175, that being the value at that time of said parcel, and that she has a claim to that extent against the fund; 2d, that the note from Stebbins of March 1, 1875, for $3375 is a valid demand against the fund as between Mr. and Mrs. Stebbins; 3d, that on the 23d of March, 1882, the claim of Amsden amounted to $2115.01, and is entitled to precedence over the claims of the other parties; 4th, that subject to questions touching claims by Mrs. Stebbins under the law of dower and homestead, and subject to questions of equitable priority and apart from all consideration of the sufficiency in fact of the fund, the complainant is entitled to have the Field judgment paid out of it.

The decree which was given in complainant's favor appears below.* The defendants Ward and Mrs. Stebbins appealed. The other parties acquiesced.

---

* DECREE. (Title.) This cause having come on to be heard upon the pleadings and proofs as to all the defendants except Sophronia Parsons, and as to her upon bill taken as confessed, and having been duly argued by counsel and duly considered: It is now declared, adjudged and decreed that the transactions mentioned in the pleadings of September 5, 1879, by which the sale of the real estate of Jason Stebbins was made and the proceeds converted into the bond and mortgage upon the property at Eaton Rapids, and the title to said mortgage became vested in the defendant Frances C. Stebbins, was entered into by the said Frances C. and Jason Stebbins with the intent to hinder, delay and defraud Asa H. Field, administrator of the estate of Lorenzo E. Hurd, deceased, a creditor of the said Jason Stebbins, and complainant in the suit in which the complainant in this suit was appointed receiver, and said transaction is, as to said Asa H. Field, administrator, and as to this complainant, declared to be wholly void, and said Frances C. Stebbins is adjudged to hold the title to said bond and mortgage in trust for the payment of the debt of said Asa H. Field, administrator, after the payment to the defendant Rollin Amsden of a sum of money loaned to said Frances C. Stebbins by him, and other advances made by said Rollin Amsden, amounting in all, on March 23, 1882, to the sum of $2115.01, and to secure which said bond and mortgage was assigned to said defendant Rollin Amsden by said Frances C. Stebbins, and also after payment to Frances C. Stebbins of the sum of $59.99. being the amount of the value of the 29 acres of land which belonged to her, and formed part of the consideration of the assignment to her of said bond and mortgage, less the sum which, as above provided, is decreed to be payable to said Rollin Amsden, the value of the land of said Frances C. Stebbins being the sum of $2175, (as found by the court from the proofs in this cause,) and it being hereby declared and decreed that the sum due to said Rollin Amsden, viz., said sum of $2115.01, and interest from March 23, 1882, at 8 per centum, is payable by said Frances C. Stebbins, and should be paid out of her interest in said bond and mortgage.

And it is further adjudged and decreed that there is due said Asa H. Field, administrator, for his debt, the sum of $1449.43, and said Frances C. Stebbins. or any of the other parties to this suit, may elect to pay the same, with interest and costs of this suit, to be taxed within 40 days from date of the entry of this decree, and in default thereof, then the said complainant is hereby appointed receiver of the said bond and mortgage upon his executing and filing a bond in this cause in the sum of $10,000, with one or more sufficient sureties, to be approved by the register or judge of this court, upon notice to defendants' solicitor of not less than 24 hours, and conditioned for the faithful performance of his duties as receiver under this decree, and for his accounting for the bond and mortgage, and of any proceeds of sale thereof, and for the payment of such proceeds as provided herein.

The said Rollin Amsden and the said John Ward are directed to assign and deliver said bond and mortgage to said complainant as receiver as aforesaid, and said complainant as such receiver may sell said bond and mortgage at public auction to the highest bidder, and assign the same to the purchasers at such sale, said receiver giving public notice of such sale in the same manner and for like time as provided by law, and the usual practice of this court upon sales made under decrees of lands on foreclosures of mortgages. And out of the proceeds of such sale the

There is ground for suspicion unquestionably that Stebbins and his wife each acted in bad faith; but the facts are hardly sufficient to warrant the solemn judgment of the court that she was guilty of fraud. At the same time it is not only fully apparent, but virtually acknowledged that when she took in her own name the entire securities which were given and received in payment for their separate properties she made herself trustee for the benefit of her husband and his creditors of all of the fund except the portion which represented her twenty-nine acres, and the portion which, whatever its amount, was made her property through its appropriation with her assent to the satisfaction of the claims upon her husband.

The appellants urged in argument that Mrs. Stebbins was entitled to charge the fund with the value of a homestead, and for a dower interest, but there is no proper ground for any such demands.

There is no claim growing out of dower rights in her answer; nor on a fair construction of the allegations, is there any claim on account of having given up her homestead. But let it be admitted that the effect of her answer is to set up a claim of that sort, and that no substitution of one homestead for another prevented the legitimate springing up of such a claim, and yet the position taken by appellants gains nothing, because there was no proof of any agreement that Mrs. Stebbins should receive pay for joining in

---

said receiver will first pay the said sum of $2115.01, and interest at 8 per centum from March 23, 1882, to said Rollin Amsden or his solicitors, and if any sum remains then he will out of said proceeds pay to said Frances C. Stebbins, or to her solicitors, the sum of $59.99 and interest, and if any further sum remains of said proceeds he will retain therefrom the said debt due to said Asa H. Field, administrator, to wit, the sum of $1449.43 and the interest thereon, and the costs of this suit to be taxed; the said moneys so retained to be accounted for by him as receiver in the suit of said Asa H. Field against Jason Stebbins, in which he was appointed receiver as mentioned in his bill of complaint filed herein, and the remainder of said proceeds, if any, he will pay over to said Frances C. Stebbins or to her solicitors. Said receiver will take receipts for such payments and file the same with his report in this cause. It is further ordered and decreed that the said complainant is entitled to recover his costs herein to be taxed, and the same shall be retained by him as above provided from the proceeds of sale of said bond and mortgage.

J. LOGAN CHIPMAN, Judge.

the deed of the property as a homestead. The evidence that she was to have an increased interest in the fund as a consideration for her consent to cutting off her right of dower in the one hundred acres of her husband has no shadow of basis in the answer. These claims must be laid aside as wholly irrelevant.

When we come to consider in what order the fund should be appropriated there seems to be no satisfactory reason for charging Mrs. Stebbins with the Amsden claim as a medium for postponing to that extent her claims to the claim of complainant. On general principles her claims would have precedence; one is for the purchase price of her separate property and the other is for a preferred debt. Were the facts sufficient to convict her of fraud or had it appeared that the loan from Amsden was her individual affair it might be different. But as stated formerly she cannot be said to have committed fraud; and the evidence is conclusive that the transaction with Amsden was not her own separate matter, but one which not only received the assent of her husband, but was largely if not wholly in his interest and affected by his procurement. Whether on abstract grounds of equity an apportionment might not be authorized is practically unimportant, because if it could it is not possible under the state of facts in the record. The case suggests no rule of equity for giving the Field judgment preference over either one of the two admissible demands of Mrs. Stebbins.

A point is presented touching the allowance　　　est. It is contended for Mrs Stebbins that her clair　　　to carry interest to the end. This view does not se　　　un-able. The evidence leaves no doubt that the receipt of the equity of redemption by defendant Ward on the 9th of June, 1880, was in the interest of Mr. and Mrs. Stebbins, and that with her assent and approbation they speedily went into the occupation of the premises, and proceeded to enjoy and have since enjoyed the rents, issues and profits; and in view of the state of facts in the record it would be extravagant to assert that the interest subsequent to June 9, 1880,

on the value of Mrs. Stebbins' twenty-nine acres and on the amount of her debt would not be exceeded by the result of a proper accounting. That date is referred to because, as we have seen, the equity of redemption was then obtained and the occupation was begun soon afterwards, and further, because the precise time of the commencement of the occupation is not disclosed. The Field judgment is the junior claim on the fund, and its chance of payment therefrom would be much impaired by any considerable expansion of the prior claims, and in view of the probability of such a consequence it would not be equitable to allow computation of interest on the latter during their owner's continuance in the enjoyment of the property, which, so far as value is concerned, is all there is of the fund. Therefore, as between Mrs. Stebbins and the right represented by complainant, no interest arising on her demands after June 9, 1880, and during her enjoyment of the mortgaged premises, ought to be allowed.

From what has been said it is apparent that the several claimants should be allowed to partake of the fund in the following way and order: *First.* The defendant Amsden should be paid his claim, $2115.01, with interest at eight per cent. from March 23, 1882. *Second.* The defendant Frances Stebbins should receive for the value of her twenty-nine acres of land, $2175, with interest at seven per cent. from September 5, 1879, to June 9, 1880; and also the amount of her note of $3375 with interest at ten per cent. from March 1st, 1875, to June 9th, 1880. *Third.* The Field judgment, amounting to $1449.43, with interest at seven per cent. from November 8, 1879, together with the costs allowed to Field in the creditor's suit, should then come out.

It only remains to decide upon the best method for working out the results and here it is a leading consideration to render the fund as ample as possible in its paying ability, and in view of the circumstances it seems very evident that this end would not be accomplished by a sale of the mortgage itself. We think the way most efficacious is to go

directly against the property on which the mortgage rests by foreclosure and sale, by proceedings prosecuted by complainant in the proper county. By such means the subject-matter of the fund may be brought into shape for distribution among the claimants in the order which we have designated.

The decree below should be reversed and one entered providing for the relief explained in this opinion, and the appellants will recover their costs of this Court. The cause will be remanded to the court below for the entry of the decree, and such further proceedings as shall be necessary.

The other Justices concurred